IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MADELYN THOMPSON,

    Plaintiff,

vs.                                      Civ. No. 04-875 MV/RHS

CHAVES COUNTY GOVERNMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant=s Motion to Dismiss or for Partial Summary Judgment as to Counts I, II, and V, filed January 21, 2005, **[Doc. No. 8]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

## FACTUAL BACKGROUND

In 1997, Plaintiff, who was employed in Defendant Chaves County's Road Department, filed an internal grievance against a co-worker, Alonzo Acosta, alleging favoritism and gender discrimination. During the investigation of this internal grievance, Acosta allegedly made threatening and intimidating remarks to Plaintiff and threatened to "get" Plaintiff for filing the grievance. Six years later, Acosta was promoted to a supervisory position and allegedly began retaliating against Plaintiff.

On August 4, 2003, Plaintiff filed a Charge of Discrimination with the EEOC alleging that she was being retaliated against as a result of filing the 1997 internal grievance.

On February 2, 2004, Plaintiff filed another Charge of Discrimination with the EEOC asserting that she was being retaliated against for filing her previous charge with the EEOC. In

her charge, Plaintiff stated that "[s]ince filing a complaint of Discrimination with the EEOC, the Respondent has written me up and suspended me for three days" and "I believe [I] have been retaliated against in violation of Title VII of the Civil Rights Act of 1964." Only the box marked "retaliation" was checked in the "Cause of Discrimination" section of the charge. On May 3, 2004, Plaintiff received a right to sue letter on this charge.

In May 2004, Plaintiff was given notice that both she and another male employee were being laid off. Plaintiff's last day of employment was June 13, 2004. The male employee, however, was not laid off but received a transfer to a position that was not advertised.

On August 2, 2004, Plaintiff filed a third Charge of Discrimination with the EEOC. In this charge, Plaintiff checked the boxes for both "sex" and "retaliation" in the "Cause of Discrimination" section of the charge and Plaintiff's narrative stated that her claims of gender discrimination and retaliation were based on her wrongful discharge. On September 15, 2004, Plaintiff received a right to sue letter on this charge.

On August 3, 2004, Plaintiff filed a complaint alleging retaliation in violation of Title VII. On November 15, 2004, Plaintiff filed a six count Amended Complaint alleging discrimination on the basis of gender (Count I), retaliation (Count II), breach of contract (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), violation of substantive and procedural due process rights (Count V), and an equal protection claim (Count VI). Defendant filed this motion seeking dismissal or partial summary judgment on Counts I, II, and V.[1]

---

[1] Defendant's motion is styled as a "motion to dismiss or for partial summary judgment." While it is unclear from the motion and supporting memorandum, it appears that Defendant seeks partial summary judgment on Counts I and II and dismissal of the substantive due process claim in Count V. Because Plaintiff has stipulated to the dismissal of her substantive due process claim, the Court will consider Defendant's motion as one seeking partial summary judgment.

**LEGAL STANDARD**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the nonmoving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co., Inc.,* 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie,* 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the court that there is an absence of evidence to support the nonmoving party's case, *Celotex,* 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a

sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 322.

## LEGAL ANALYSIS

### I.  Count I:  Gender Discrimination

In Count I, Plaintiff asserts that due to her gender, Defendant treated her differently in the terms and conditions of her employment, including terminating her and replacing her with a male in violation of Title VII.  Defendant seeks summary judgment on any gender discrimination claims made in this count that are unrelated to Plaintiff's termination on the grounds that Plaintiff did not exhaust administrative remedies as to any claims of sex or gender discrimination other than those related to her termination.

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (a plaintiff must generally exhaust his or her administrative remedies prior to pursuing a Title VII claim in federal court); *Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir. 1993) (administrative exhaustion is a jurisdictional prerequisite to suit under Title VII).  To exhaust administrative remedies, a Title VII plaintiff generally must present her claims to the EEOC as part of a timely filed EEOC charge.  *See Simms*, 165 F.3d at 1326.

The Tenth Circuit has held that judicial consideration of claims "not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993) *overruled on other grounds by Davidson v. Am. Online, Inc.*, 337 F.3d 1179 (10th Cir. 2003).  For claims to be

reasonably related, the EEOC charge and judicial complaint "must, at a minimum, describe the same conduct and implicate the same individuals." *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

The only claims for which Plaintiff exhausted administrative remedies and timely filed a complaint are the claims raised in the February 2, 2004 and the August 2, 2004 EEOC charges. Plaintiff's February 2, 2004 EEOC Charge did not include a claim of discrimination based on gender and a claim of discrimination based on gender is not reasonably related to the retaliation allegations contained in the charge. Thus, the only gender discrimination claim Plaintiff has exhausted is a claim that her discharge was based on gender and summary judgment will be granted to Defendant on any other gender-based claims alleged in Plaintiff's complaint.

While Plaintiff may not bring claims she did not raise in these two charges, she may use unexhausted claims to support the claims she has properly exhausted. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges . . . [but] an employee . . . [may use] the prior acts as background evidence in support of a timely claim." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061 (2002).

## II. Count II: Retaliation

In Count II, Plaintiff asserts that by filing her charge of discrimination, she engaged in protected activity pursuant to Title VII. As a result of this protected activity, Defendant took adverse employment action against her, including, but not limited to, harassment and wrongful discharge. Plaintiff asserts that the retaliation began in January 2003. Defendant seeks summary judgment on any retaliation claims Plaintiff asserts that pre-date the filing of Plaintiff's first charge

of discrimination on August 4, 2003.

As discussed above, the only claims for which Plaintiff has exhausted administrative remedies and timely filed a complaint are the claims raised in the February 2, 2004 and the August 2, 2004 EEOC charges.  The February 2, 2004 charge claims that Plaintiff was retaliated against for filing the August 4, 2003 charge of discrimination.  Thus, Plaintiff may not raise retaliation claims based on acts that occurred prior to August 4, 2003.   As noted above, however, prior acts may be used  as background evidence in support of Plaintiff's timely filed claims.  *See National R.R. Passenger Corp.*, 536 U.S. at 113.

### III.  Count V:  Substantive Due Process

Plaintiff has stipulated to the dismissal of her substantive due process claim.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant=s Motion to Dismiss or for Partial Summary Judgment as to Counts I, II, and V, filed January 21, 2005, **[Doc. No.  8]**, is **GRANTED.**  Partial summary judgment is hereby granted in favor of Defendant to the extent that Plaintiff alleges retaliation and gender discrimination claims that were not raised and exhausted in Plaintiff's February 2, 2004 EEOC charge and Plaintiff's August 2, 2004 EEOC charge.

**IT IS FURTHER ORDERED** that summary judgment is granted in favor of Defendant on Plaintiff's substantive due process claim.

Dated this  28th day of September, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
    Gilbert Vigil, Esq.

<u>Attorneys for Defendant</u>:
    Elizabeth L. German, Esq.